IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ONYX INVESTMENTS, L.L.C.,

                    Defendant/Appellant,

          vs.                          Case No. 06-4053-SAC

MITCHELL LEE FOSTER and
KATHERINE LOUISE FOSTER,

                    Plaintiff/Appellees.



MEMORANDUM AND ORDER

          This bankruptcy appeal, referred to the magistrate judge for a

report and recommendation, comes before the court on objections by Onyx

Investment, L.L.C. [1] No response to the objections has been filed.

**Standard of Review**

          Upon objections to a magistrate judge's report and

recommendation, "the district court must undertake a de novo review of the

---

          [1]Appellant has filed a most unusual memorandum which makes no
attempt to include any rational analysis.  It consists solely of an introductory
paragraph containing conclusory assertions of error, followed by thirty
numbered one-sentence questions which are cryptically answered, and a
short concluding paragraph. The court confesses some difficulty in
following the analysis attempted by this semi-Socratic sophistry and in the
style of appellant's brief asks, "Is this approach persuasive?  No."

record." *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir.1998). The district court has considerable judicial discretion in choosing what reliance to place on the magistrate judge's findings and recommendations. *See Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir.1991) (citing *United States v. Raddatz*, 447 U.S. 667(1980)), *cert. denied*, 502 U.S. 1110, 117 L. Ed. 2d 451(1992).  In short, the district court may accept, reject, or modify the magistrate judge's findings, or recommit the matter to the magistrate judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

**Background**

The background facts are not in dispute and are accurately set forth in the magistrate's report and recommendation so will not be repeated herein.

**Objections**

From  appellant's opening paragraph, the court believes that appellant intends to raise three claims of error in the Report and Recommendation:  1) its failure to properly apply Empire's procedural and substantive due process rights; 2) its failure to apply Tenth Circuit law voiding any action in violation of an automatic stay; and 3) its failure to recognize that only the court issuing an automatic stay has authority to

waive it.

**Analysis**

    **Procedural due process**

        "[T]he Due Process Clause provides that certain substantive rights --life, liberty, and property-cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541(1985).  An essential principle of due process is that a deprivation of property be preceded by notice and opportunity for a hearing "appropriate to the nature of the case." *Id.* at 542 (quotation omitted).  To determine whether a plaintiff was denied procedural due process, the court engages in a two-step inquiry:  "(1) Did the individual possess a protected interest to which due process protection was applicable?  (2) Was the individual afforded an appropriate level of process?" *Schulz v. City of Longmont, Colorado,* 465 F.3d 433, 443 (10th Cir. 2006), citing *Copelin-Brown v. N.M. State Personnel Office*, 399 F.3d 1248, 1254 (10th Cir. 2005) (quotation omitted).

        The court does not agree that the Notice of the Fosters' bankruptcy violated Empire's automatic stay and is thus "void."  The court finds that appellant was afforded an appropriate level of process in this

case, including actual notice of the Fosters' bankruptcy and a reasonable

opportunity to be heard, as more fully detailed in the magistrate judge's

report and recommendation, in the bankruptcy judge's order granting

summary judgment, and in the bankruptcy judge's order denying the

motion to reconsider.

### Substantive due process

The court has reviewed the record and finds no indication that

Onyx raised a substantive due process issue before the bankruptcy court.[2]

The failure to raise a legal issue in the bankruptcy court does not preclude

this court from addressing the matter on appeal because a district court,

---

[2]  The manner in which the electronic record has been compiled and forwarded to this court is problematic because it lacks an index or other clear reference identifying the multiple electronic documents.  Only by opening each one can the court determine its contents. In an abundance of caution, the court has taken pains to locate and review Onyx's response to the Foster's motion for summary judgment, the bankruptcy judge's March 15, 2006 order granting summary judgment to the Fosters, and the bankruptcy judge's May 9, 2006 order denying Onyx's motion for reconsideration of the summary judgment order. Under the applicable procedural rules, it is the duty of the parties contesting a motion for summary judgment to direct the court to those places in the record where evidence exists to support their positions.  *See Caffree v. Lundahl*, 143 Fed. Appx. 102, 106, 2005 WL 1820044, *3 (10th Cir. 2005)*,Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995)). It is not the duty of this court to scour the record which has not been cited by the parties.  *Accord United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

when sitting as a court of review over the bankruptcy court, has the discretion to consider any issue presented by the record, even if the bankruptcy court did not address the matter.  *In re Weeks, Thomas & Lysaught, Chartered*, 97 B.R. 46, 46-47 (D. Kan.1988). As a general rule, however, a reviewing court will not consider arguments not passed upon below.  *In re Williams*, 49 Fed. Appx. 845 (10th Cir. 2002). This general rule applies with equal force in bankruptcy appeals. *See, e.g., In re Williams, supra; Beery v. Turner*, 680 F.2d 705 (10th Cir.), *cert. denied*, 459 U.S. 1037 (1982).  Because Onyx had an opportunity to raise this issues before the bankruptcy court but apparently failed to do so, the court finds no reason to depart from the general rule in this case.

But even had a substantive due process issue been presented by the record, the result would not have favored appellant.  Although not much is clear to the court from the cryptic questions and answers included in Onyx's appellate brief, one thing is obvious -- appellant displays a fundamental misunderstanding of the nature of substantive due process. *See generally Graves v. Thomas*, 450 F.3d 1215 (10th Cir. 2006).  The bankruptcy court had authority to make its rulings in this case, and properly found, among other issues, that an adversary proceeding was

unnecessary, that notice was not void, and that service of process was effective.  No facts in  this case approach the level of constitutionally abusive or arbitrary government action, a necessary prerequisite of a substantive due process violation in the context of this case.

### Violation of automatic stay

Onyx relies upon the general rule established in the Tenth Circuit that action taken in violation of an automatic stay is void and that only the court issuing an automatic stay has the authority to waive it.  The court finds that the equitable exception to these principles, relied upon by the magistrate judge, is fully applicable.

The court agrees that although the Fosters inadvertently violated the automatic stay in Empire's bankruptcy case, equitable principles warrant a finding that the notice given to Empire through the filing of the Chapter 13 plan was sufficient and effective as it applied to Onyx. *See In re Calder*, 907 F.2d 953 (10th Cir. 1990).[3]  Application of this equitable exception is warranted here when one examines all the circumstances of this case involving two bankrupts, including the facts that the Fosters had no actual knowledge of Empire's bankruptcy and that Onyx

---

[3]*See also* cases cited at Dk. 11, p.12.

6

repeatedly failed to diligently protect its interests.

Onyx fares no better in contending that only the court issuing an automatic stay has the authority to waive it.  Here, the bankruptcy court did not grant the Fosters relief from the stay but rather equitably found that the Fosters' unknowing violation of the stay would not void the confirmation or discharge order.

After conducting a de novo review of the record, the court accepts the Report and Recommendation and refers the parties to it for additional legal authority for the findings reached herein.

IT IS THEREFORE ORDERED that defendant's objections to the magistrate's report and recommendations are overruled, and that the bankruptcy judge's order granting summary judgment to the Fosters is affirmed.

Dated this 8th day of May, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge